IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FOREST GLEN, L.L.C., an Alabama Limited Liability Company, and TIMBERCREEK, L.L.C., an Alabama Limited Liability Company, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No.: 2:07CV836-WKW |
| CITY OF MONTGOMERY and THE WATER WORKS & SANITARY SEWER BOARD OF THE CITY OF MONTGOMERY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

RECEIVED 2007 SEP 14 P 3:56 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## NOTICE OF REMOVAL

**COME NOW** Defendants City of Montgomery and The Water Works and Sanitary Sewer Board of the City of Montgomery and pursuant to 28 U.S.C. §1331, 28 U.S.C. §§ 1441(a), 1441(b) and 1441(c), jointly file this notice of removal of the above styled cause from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal of this cause to this Honorable Court, the Defendants show unto the Court the following:

1.  On or about August 8, 2007, this action was commenced by Plaintiffs in the Circuit court for Montgomery County, Alabama. Pursuant to their Complaint, a copy of which is attached as Exhibit "A", Plaintiffs purport to state claims for damages and other relief recoverable under 42 U.S.C. § 1983 for alleged violations of Plaintiffs' due process and equal protection rights secured by the Fourteenth Amendment of the United States of

America. Additionally, Plaintiffs purport to assert state tort claims for reckless fraud and violation of the Access Management Plan. The state law claims, which do not predominate over the federal claims are so related to the federal claims that they form part of the same case or controversy.

2. Pursuant to 28 U.S.C. §1331 and §1343(a)(3) this Court has original subject matter jurisdiction of Plaintiffs' §1983 claims. Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

3. Venue of this case is proper in this Court pursuant to 28 U.S.C.§1391(b) and §1441(a).

4. Defendants City of Montgomery and Water Works and Sanitary Sewer Board of the City of Montgomery were each served August 15, 2007. The Defendants have not filed in state circuit court any answer or any other pleading in response to Plaintiffs' Complaint. Accordingly, pursuant to 28 U.S.C. §1441(b) the removal of this cause to this Court is proper and timely.

5. Pursuant to 28 U.S.C. §1446(d) Defendants have this day given notice of the filing of this Notice of Removal to counsel for Plaintiffs. Defendants have also filed a copy of this removal with the Clerk for the Circuit Court of Montgomery County, Alabama, as required by law. (See, Exhibits "B" and "C").

**WHEREFORE, THE ABOVE PREMISES** having been considered, the Defendants pray that the removal of this cause be effective and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

_____
RANDALL MORGAN [MOR037]
Attorney for Defendant Montgomery Water
Works and Sanitary Sewer Board

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
823-7600

_____
WALLACE D. MILLS [MIL090]
Attorney for Defendant City of Montgomery

OF COUNSEL:
City of Montgomery
103 North Perry Street
Montgomery, Alabama 26104
241-2050

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via E-Mail and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 14th day of September, 2007, upon the following:

H. Dean Mooty, Jr., Esq.
Mooty & Associates, P.C.
600 Clay Street
Montgomery, Alabama 36104

_____
OF COUNSEL

3

| State of Alabama Unified Judicial System | COVER SHEET CIRCUIT COURT – CIVIL CASE (Not For Domestic Relations Cases) | Case Number 2007-1246 |
|---|---|---|
| Form ARCiv-93   Rev.5/99 | | Date of Filing:  Month  Day  Year   Judge Code: |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ Montgomery _____, ALABAMA
(Name of County)

Forest Glen, L.L.C. and TimberCreek, L.L.C.  v.  CityofMontgomery&WaterWorks&San.SewerBd.
Plaintiff                                          Defendant

**First Plaintiff:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other
**First Defendant:** ☐ Business  ☐ Individual  ☑ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

FILED 2007 AUG 8 AM 9:19 CIRCUIT COURT OF MONTGOMERY COUNTY

**ORIGIN** (check one):
F ☑ INITIAL FILING
R ☐ REMANDED
A ☐ APPEAL FROM DISTRICT COURT
T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT
O ☐ OTHER: _____

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** M O O 1 8    August 7, 2007    [Signature]
Date                                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07-1246 |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____MONTGOMERY_____ COUNTY

Plaintiff __FOREST GLEN, L.L.C. AND__ v. Defendant __City of Montgomery and The Water__
__TIMBERCREEK, L.L.C.__                              __Works and Sanitary Sewer Board__

NOTICE TO __The Water Works and Sanitary Sewer Board, 22 Bibb Street, Montgomery, AL 36104__

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____H. Dean Mooty, Jr._____ WHOSE ADDRESS IS _____Mooty & Associates, P.C., 600 Clay Street, Montgomery, AL 36104_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __8/3/07__     _____ By: __MW__
                    Clerk/Register

[ ] Certified Mail is hereby requested.    _____
                                            Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____
                                                                    (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
    _____ in _____ County,
    Alabama on _____
                (Date)

_____    _____
Date                      Server's Signature

_____    _____
Type of Process Server    Address of Server

                          _____
                          Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-07-1247 |
|---|---|---|

IN THE _____CIRCUIT_____ COURT OF _____MONTGOMERY_____ COUNTY

Plaintiff ___FOREST GLEN, L.L.C. AND___ v. Defendant _City of Montgomery and The Water_
         ___TIMBERCREEK, L.L.C.___                  _Works and Sanitary Sewer Board_

NOTICE TO _____City of Montgomery, 103 North Perry Street, Montgomery, AL 36104_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____H. Dean Mooty, Jr._____ WHOSE ADDRESS IS _____Mooty & Associates, P.C., 600 Clay Street, Montgomery, AL 36104_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __8/3/07__                                    By: __MW__
                        Clerk/Register

                                                        FILED
                                                   2007 AUG -8  AM 9: 19
                                                   CIRCUIT COURT OF
                                                   MONTGOMERY COUNTY

[ ] Certified Mail is hereby requested.    _____
                                            Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

[ ] Return receipt of certified mail received in this office on _____
                                                                      (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
            (Date)

_____        _____
Date                                   Server's Signature

_____        _____
Type of Process Server                 Address of Server

                                       _____
                                       Phone Number of Server

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FOREST GLEN, L.L.C., )
an Alabama Limited Liability Company, )
and TIMBERCREEK, L.L.C., an )
Alabama Limited Liability Company, )
)
    Plaintiff, )
)
vs. )   Civil Action Case No. CV 07-1246
)
CITY OF MONTGOMERY and )
THE WATER WORKS & )
SANITARY SEWER BOARD OF )
THE CITY OF MONTGOMERY, )
)
    Defendants. )



## COMPLAINT

1.    Forest Glen, L.L.C. and TimberCreek, L.L.C. ("Plaintiffs") are Alabama limited liability companies with their principal places of business in Montgomery County, Alabama. Plaintiffs own commercial real estate properties along Chantilly Parkway in Montgomery County, Alabama. Specifically, Plaintiffs are involved in the ownership and development of that certain commercial real estate development called "Chantilly Place" along Chantilly Parkway in Montgomery County, Alabama, which runs between Interstate 85 at the Mitylene Exit and Vaughn Road.

2.    As part of Plaintiffs' development of Chantilly Place, Defendants required Plaintiffs to build and construct, at Plaintiffs' expense, an access or service road along Plaintiffs' property boundaries and Chantilly Parkway. Plaintiffs built said service/access road as instructed. They did so at significant expense to Plaintiffs in construction costs and the sacrifice of significant portions of Plaintiffs' frontage property along Chantilly Parkway. Defendants

through Stuart Manson, Assistant Director/City of Montgomery Traffic Engineering Department, Mark Waites, Alabama Department of Transportation, Cecil Cork, City of Montgomery Engineering Department and others, repeatedly informed Plaintiffs that the service road was required and that all landowners along Chantilly Parkway would be required to build service roads, because they – on behalf of the Defendants – did not want "another Atlanta Highway."

3. Once the service road was completed, Defendants later informed Plaintiffs they would also have to extend said service road to the end of Plaintiffs' property along Chantilly Parkway and to install at its expense, sanitary sewer lines along said service road and to the extension thereof to the end of Plaintiff's properties. Defendants informed Plaintiffs that they were being required to do so as a part of the general development plan of Chantilly Parkway. Defendants refused to approve Plaintiffs' development plan until the extension of the service road and sewer line was completed. Additionally, at one point, one of Plaintiffs' lot owners, was refused a building permit and was told none would be issued until the service road and sewer lines were extended to the far end of Plaintiffs' property. Plaintiffs were also told by Defendants that the adjoining landowner along Chantilly Parkway would be required to extend the service road and sewer lines along that adjoining landowner's property at least to the next median "crossover" on Chantilly Parkway.

4. As a result of Defendants' demands, Plaintiffs spent the required money and extended the service road and sewer lines to the farthest end of its property in reliance on those demands and assurances that the adjoining property owner would be required to do the same, and Plaintiffs would have an outlet along said service road to Chantilly Parkway.

5. After having been required to use large portions of its property frontage and to spend those monies to construct the service road and extend the sewer lines, Plaintiffs have now

2

learned that Defendants are not requiring the adjoining landowners to extend the service road or sewer line, and Plaintiffs are stuck with a dead-end service road and sewer line with no access off of such stub to Chantilly Parkway.

6. Further, no other landowner on Chantilly Parkway has been required to build a service/access road as Defendants required of Plaintiffs, and on information and belief, no other such landowner is going to be required to do so.

7. As a result of the actions of Defendants, Plaintiffs have been damaged as follows:

   (a) Plaintiffs have been required to expend monies to build an access road and sewer line and extend same to the farthest point of its property, when it is now apparent it should not have been required to do so, nor is the adjoining landowner being required to extend said service road and sewer line as represented by Defendants to Plaintiffs;

   (b) Plaintiffs extended said service road and sewer lines to its farthest property boundary on the additional assurance that said road would be extended to the next median "crossover" on Chantilly Parkway, giving Plaintiffs and their lot owners access off of this service road to the Southeast onto Chantilly Parkway;

   (c) Plaintiffs were required to repurchase a commercial lot which sold in Chantilly Place along the border where Plaintiffs were required to extend the service road and sewer line when that property owner was refused a building permit until such extensions occurred. Plaintiffs were forced to repurchase that lot as a result of Defendants'

3

(d) actions at approximately $100,000 more than Plaintiffs had just sold the property to that landowner.

(d) In reliance on the representations and in response to the demands of Defendants, Plaintiffs were required to use large portions of its valuable Chantilly Place property fronting Chantilly Parkway for the construction of said service road;

(e) Plaintiffs are stuck with a dead-end service road and sewer line with no access off of such stub to Chantilly Parkway; all to the detriment of Plaintiffs' property, its value, and its lot owners;

(f) Defendants' requirements of Plaintiffs are inconsistent with and in contravention of the Access Management Plan for Taylor Road and Chantilly Parkway;

(g) As a result of the Defendants' actions, Plaintiffs have suffered additional and different damages as a result of Defendants' demands and Plaintiffs' reliance thereon.

## COUNT I

### Reckless Fraud

8. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 7 hereinabove.

9. Defendants represented to Plaintiffs – and repeatedly did so – that Defendants were requiring Plaintiffs to build the service road along Plaintiffs' property parallel to Chantilly Parkway because all landowners along Chantilly Parkway were being required to do so because

4

defendants did not want another Atlanta Highway where service roads were not required, and traffic problems exist today because of that failing.

10. Defendants represented to Plaintiffs that Plaintiffs were required to extend the service road along its property and Chantilly Parkway as well as the sanitary sewer line to the end of its property with the assurance that the adjoining land owner would be required to extend same to the next median crossover on Chantilly Parkway; thus giving Plaintiffs and Chantilly Place lot owners access to Chantilly Parkway off of said extension.

11. Those representations were false as Defendants have not required, nor, on information and belief, are Defendants going to require other landowners on Chantilly Parkway to build a service road, nor have Defendants required, nor on information and belief, are going to require the adjoining landowner to extend the service road and sewer line to the next median crossover on Chantilly Parkway. Plaintiffs and Chantilly Place lot owners are stuck with this "stub" at the end of Plaintiffs' property with no access to Chantilly Parkway off of said stub.

12. In reliance on said representations, Plaintiffs expended significant sums of money to build the service road and later to extend the service road and sewer line to its property borders along Chantilly Parkway and in doing so, used large portions of its valuable property frontage along Chantilly Parkway for these purposes.

13. As a result of Defendants' reckless misrepresentations, Plaintiffs have been harmed as set forth hereinabove.

WHEREFORE, Plaintiffs seek damages against Defendants in that amount reflecting all monies Plaintiffs were required to expend in the construction of said service road and extension of said service road and sewer line to its property borders as well as the value of Plaintiffs' frontage property which it was forced to use to effect said construction and extension as well as

5

the cost of having to repurchase a lot when Defendants refused to issue said lot owner a building permit until such extension occurred. Plaintiffs seek such other, further and different relief, including loss of property values, to which this Court may deem it entitled to include, but not be limited to interest and costs.

## COUNT II

### Due Process and Equal Protection

14. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 13 hereinabove.

15. Defendants' actions in requiring Plaintiffs to extend the subject service road and sewer line to the property borders and in fact to require a service road at all when no other property owners along Chantilly Parkway had been required to do the same, violate Plaintiffs' rights of due process and equal protection under the law.

16. Defendants' actions have:

    (a) Unduly burdened Plaintiffs as compared to other property owners along Chantilly Parkway whom Defendants have not required to take the actions and spend the monies Defendants have required of Plaintiffs;

    (b) Defendants' actions have effected a disparate treatment of Plaintiffs compared to other property owners along Chantilly Parkway similarly situated;

    (c) Plaintiffs have been required to carry a burden not similarly operative on other property owners along Chantilly Parkway similarly situated;

6

    (d)    Defendants' actions and requirements of Plaintiffs have no rational relation between justification of the disparate treatment of Plaintiffs compared to other similarly situated property owners along Chantilly Parkway.

WHEREFORE, Plaintiffs demand judgment against Defendants in that amount reflecting all monies Plaintiffs were required to expend in the extension of said service road and sewer line to its property borders as well as the value of Plaintiffs' frontage property which it was forced to use to effect said extension as well as the cost of having to repurchase a lot when Defendants refused to issue a building permit until such extension occurred. Plaintiffs seek such other, further and different relief, including loss of property values, to which this Court may deem it entitled to include, but not be limited to interest and costs.

## COUNT III

### Violation of Access Management Plan

17. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 16 hereinabove.

18. Defendants' actions set forth herein are in direct contravention of the Access Management Plan for Taylor Road and Chantilly Parkway (the "Plan") adopted by the City of Montgomery Planning Commission on June 26, 2003.

19. The Plan required certain intersections/median crossovers as well as service roads along Chantilly Parkway. After requiring Plaintiffs to extend the service road, and sewer line, on the representation and assurance that the adjoining landowner would be required to do the same, at least to the next median crossover on Chantilly Parkway, Defendants have now failed and refused to require such extension, and Plaintiffs are stuck with a "stub" at the end of the service

7

road with no outlet/access. Defendants have also changed the locations of the median crossovers on Chantilly Parkway from those set forth in the Plan after allowing Plaintiffs to develop Chantilly Place in reliance on the locations of those crossovers.

WHEREFORE, Plaintiffs demand judgment against Defendants in that amount reflecting all monies Plaintiffs were required to expend in the extension of said service road and sewer line to its property borders as well as the value of Plaintiffs' frontage property which it was forced to use to effect said extension as well as the cost of having to repurchase a lot when Defendants refused to issue a building permit until such extension occurred. Plaintiffs seek such other, further and different relief, including loss of property values, to which this Court may deem it entitled to include, but not be limited to interest and costs.

_____
H. Dean Mooty, Jr. (MOO018)
Attorney for Plaintiffs, Forest Glen, L.L.C.
and TimberCreek, L.L.C.

OF COUNSEL:
MOOTY & ASSOCIATES, P.C.
600 Clay Street
Montgomery, Alabama 36104
Telephone: (334) 264-0400
Facsimile: (334) 264-0380
E-mail: hdm@mooty-assoc.com

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

_____
H. Dean Mooty, Jr.

8

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

```
 1      IN THE UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF ALABAMA
 2              NORTHERN DIVISION

 3
    PROFESSIONAL FACILITIES              ORIGINAL
 4  MANAGEMENT, INC.,

 5       Plaintiff,
                                  CASE NUMBER
 6       vs.                      2:06CV1136-MHT

 7  EMCOR FACILITIES SERVICES,
    INC.; and A, B, and C, as
 8  fictitious parties,

 9       Defendants.

10

11      *   *   *   *   *   *   *   *

12

13       DEPOSITION OF GREG LITTLEFIELD,

14  taken pursuant to stipulation and

15  agreement before Barbara A. Howell,

16  Court Reporter and Commissioner for the

17  State of Alabama at Large, in the Law

18  Offices of Beasley, Allen, Crow,

19  Methvin, Portis & Miles, P.C., 250

20  Commerce Street, Montgomery, Alabama, on

21  Thursday, August 9, 2007, commencing at

22  approximately 9:25 a.m.

23
```

1933 Richard Arrington  35209*www.merrillcorp.com

EXHIBIT B

MERRILL LEGAL SOULTIONS
Court Reporting*Legal Videography*Trial Services

Page 37

1      couldn't, you know, recall the names.
2   Q. So there could have been other people,
3      but you just don't remember right now?
4   A. There was other people.
5   Q. There were other people that --
6   A. There was other people that I would
7      have had contact. But specific names,
8      I -- at this time -- these were the
9      major -- major players.
10  Q. How did you first hear about the BB&T
11     account?
12  A. We were contacted by Alan Cristal.
13  Q. When was that?
14  A. If my -- it would have been
15     approximately January-February of '05.
16     Have I got that year correct? '05.
17  Q. How did he contact you?
18  A. By phone, I believe, the first time.
19  Q. What did he say?
20  A. I can't recall the actual conversation,
21     but obviously it was to ask us to -- if
22     we'd be interested in a possible
23     project that EMCOR would possibly have

1933 Richard Arrington Jr. blvd, S*Birmingham, AL 35209*www.merrillcorp.com
1-800-888-DEPO

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| FOREST GLEN, L.L.C., an Alabama Limited Liability Company, and TIMBERCREEK, L.L.C., an Alabama Limited Liability Company,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF MONTGOMERY and THE WATER WORKS & SANITARY SEWER BOARD OF THE CITY OF MONTGOMERY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: CV-07-1246 |

### NOTICE TO CLERK
### OF FILING NOTICE OF REMOVAL

**To:**  Ms. Melissa Rittenour, Clerk
Montgomery County Circuit Court
251 South Lawrence Street
Montgomery, Alabama 36104

Notice is hereby given that, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, the City of Montgomery and The Water Works and Sanitary Sewer Board of the City of Montgomery, Defendants in the above-styled action, has on this 14th day of September, 2007, filed in the United States District Court for the Middle District of Alabama, Northern Division, the Notice of Removal to remove this case, Civil Action Number CV-07-1246, from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. A copy of the Notice of Removal is attached hereto as Exhibit "A".

1


EXHIBIT C

_/s/ Randall Morgan_
RANDALL MORGAN [MOR037]
Attorney for Defendant Montgomery Water
Works and Sanitary Sewer Board

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
823-7600

_/s/ Wallace D. Mills_
WALLACE D. MILLS [MIL090]
Attorney for Defendant City of Montgomery

OF COUNSEL:
City of Montgomery
103 North Perry Street
Montgomery, Alabama 26104
241-2050

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via E-Mail and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 14th day of September, 2007, upon the following:

H. Dean Mooty, Jr., Esq.
Mooty & Associates, P.C.
600 Clay Street
Montgomery, Alabama 36104

_/s/_
OF COUNSEL

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000450
Cashier ID: cstrecke
Transaction Date: 09/14/2007
Payer Name: HILL HILL CARTER FRANCO COLE
----------------------------------
CIVIL FILING FEE
 For: HILL HILL CARTER FRANCO COLE
 Case/Party: D-ALM-2-07-CV-000836-001
 Amount:        $350.00
----------------------------------
CHECK
 Remitter: HILL HILL CARTER FRANCO COLE
 Check/Money Order Num: 8784
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```

DALM207CV000836-WKW

FOREST GLENN LLC ET AL V CITY OF MONTGOMERY ET AL

HILL HILL CARTER FRANCO COLE & BLACK

P O BOX 116

MONTGOMERY, AL  36101-0116