IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FOREST GLEN, L.L.C., an Alabama Limited Liability Company, and TIMBERCREEK, L.L.C., an Alabama Limited Liability Company, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO.: 2:07-cv-00836-WKW ) |
| CITY OF MONTGOMERY and THE WATER WORKS & SANITARY SEWER BOARD OF THE CITY OF MONTGOMERY, | ) ) ) ) ) |
| Defendants. | ) |

**THE WATER WORKS & SANITARY SEWER BOARD
OF THE CITY OF MONTGOMERY'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

The Water Works & Sanitary Sewer Board of the City of Montgomery (the "Board"), pursuant to Rule 56 of the <u>Federal Rules of Civil Procedure</u>, respectfully requests that this Honorable Court enter summary judgment in favor of the Board on Forest Glen, L.L.C. ("Forest Glen"), and Timbercreek, L.L.C.'s ("Timbercreek") (collectively the "Plaintiffs") claim of reckless fraud, and their allegations that the Board violated their Due Process and Equal Protection rights. As grounds for this motion, the Board states that there are no genuine issues of material fact as to the aforementioned claims of the Plaintiffs and the Board is entitled to summary judgment as a matter of law. In support of its motion, the Board shows the Court the following:

1.      On August 8th, 2007, the Plaintiffs filed their Complaint against the Board and the City of Montgomery alleging reckless fraud, violations of the Due Process and Equal Protection Clauses of the United States Constitution, and violation of the Access Management Plan adopted by the City of Montgomery's Planning Commission.[1] Their Complaint arises from the Board's requirement that they extend the sewer line of their developments to the property line, and the alleged representation made by the Board that adjoining landowners would similarly be required to extend their sewer line.

2.      For the reasons set forth in the Board's summary judgment brief, which is filed contemporaneously herewith, the Board is entitled to summary judgment with regard to the Plaintiffs' claims of reckless fraud, and violations of the Due Process and Equal Protection Clauses of the United States Constitution.

3.      The statute of limitations for Plaintiffs' claim of reckless fraud accrued on October 3rd, 2003, and December 10th, 2003.  Plaintiffs had a complete cause of action, at the latest, on January 24th, 2005.  However, the Plaintiffs filed suit on August 8th, 2007. Additionally, the Plaintiffs' allegation that the Board violated the Due Process and Equal Protection clauses of the United

---

[1] The Board has not found nor have the Plaintiffs cited any authority where the Board must act pursuant to the Access Management Plan. Moreover, the Board has not found nor have the Plaintiffs cited any authority wherein the Board can require the Plaintiffs to extend their service road and/or sewer line by application of the Plan.  To the extent that the Plaintiffs argue that the Board violated the Access Management Plan, their claim should be dismissed.

States Constitution is similarly barred by application of the statute of limitations because the accrual date for any cause of action for Chantilly Place Plat No. 1 was on October 3rd, 2003, and December 10th, 2003 for Chantilly Place East Plat No. 1.

    4.    Plaintiffs cannot prove either a violation of substantive due process or procedural due process because they do not have a property interest in Board approval of their development plans, and to the extent that they can show a property interest, the Board's policy is rationally related to a governmental interest. Further, Plaintiffs cannot prove an Equal Protection violation because the Board's policy is rationally related to a governmental interest, and they have failed to identify a similarly situated developer. Summary judgment is due to be granted to the Board on the Plaintiffs' Due Process and Equal Protection claims.

    5.    Plaintiffs cannot establish reckless fraud because they cannot point to any false representation made by the Board to them regarding the sewer line of the adjacent landowner. Moreover, they cannot prove any damages on the basis of the alleged false representation. Summary Judgment is therefore proper on Plaintiff's reckless fraud count.

    6.    In support of its motion for summary judgment, the Board relies on the pleadings filed to date. The Board further relies on the Affidavit of Keverly Daniels, which is attached to the Board's Evidentiary Submission as Exhibit "A." Furthermore, the Board relies on the Affidavit of Buddy Morgan, which is attached to the Board's Evidentiary Submission as Exhibit "B." The Board relies on

relevant excerpts from Merrill Ingram's deposition, which are attached to the Board's Evidentiary Submission as Exhibit "C." The Board further relies on relevant excerpts from Alan Bush's deposition, which are attached to the Board's Evidentiary Submission as Exhibit "D." Moreover, the Board relies on relevant excerpts from Greg Gillian's deposition, which are attached to the Board's Evidentiary Submission as Exhibit "E." The Board also relies on the Purchase and Sale Agreement between Timbercreek and Alan and/or Ann J. Bush, which is attached to the Board's Evidentiary Submission as Exhibit "F." Finally, the Board relies on its Brief in Support of Motion for Summary Judgment, a copy of which is being filed simultaneously herewith.

WHEREFORE, the Board respectfully requests that this Honorable Court enter an Order granting summary judgment as a matter of law in its favor as to the Plaintiffs' claims.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney for Defendant Montgomery Water
Works and Sanitary Sewer Board

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104
334-834-7600

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 16th day of June, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email::

H. Dean Mooty, Jr., Esq.
Mooty & Associates, P.C.
600 Clay Street
Montgomery, Alabama 36104

Wallace D. Mills, Esq.
City of Montgomery
103 North Perry Street
Montgomery, Alabama 26104

　　　　　　　　　　　　　　　　　　/s/   *Randall Morgan*
　　　　　　　　　　　　　　　　　　OF COUNSEL